UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *Mary Brennan,*<br><br>    *Plaintiff,*<br><br>v.<br><br>*Northern States Power Company, a Minnesota Corporation organized under Minn. Ch. 302A, d/b/a Xcel Energy,*<br><br>    *Defendants.* | Case No.: _____<br><br><br>**COMPLAINT** |

Plaintiff, Mary Brennan, for her Complaint against the above-named Defendants, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Mary Brennan (hereinafter, "Plaintiff") is and was at all times material herein, a resident of the City of Burtrum, County of Todd, State of Minnesota.

2. Plaintiff has been employed by Defendants and their predecessor, Nuclear Management Company (hereinafter, "NMC") since 1984, and continues to be employed by Defendants.

3. Defendant Northern States Power Company, a Minnesota Business Corporation formed under Minnesota Chapter 302A, (hereinafter, "NSP") and doing business under the assumed name of Xcel Energy, (hereinafter "Xcel") is and was at all times material herein, a public service corporation and an employer providing pension and other benefits for their employees.

4. Upon information and belief, NSP/Xcel's principal place of business is located at 414 Nicollet Mall, Minneapolis, MN 55401.

1

5.   Upon information and belief, NSP/Xcel's registered office address is 2345 Rice Street, Suite 230, City of Roseville, State of Minnesota.

6.   Defendant's Pension Fund and Retirement Plans (hereinafter, "The Plans") are "employee welfare benefits plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 to 1461. The Plans are sponsored by Defendant for the benefit of its employees in Minnesota.

7.   Upon information and belief, both Defendant NSP, d/b/a Xcel Energy, is a Minnesota Company conducting business in the State of Minnesota. Defendants provide pension fund benefits under the Plans, and is authorized and required to determine claims for employee pension and retirement benefits provided under the Plans.

8.   Because this action arises under ERISA, a federal law, the court has original subject matter jurisdiction over this case, because it involves a question of federal law pursuant to 28 U.S.C. § 1331.

9.   Venue is proper in the District, because certain breaches of the Plans, as set forth below, took place in this District; in addition, Plan benefits were denied to Plaintiff in this District; and finally, because Plaintiff applied for, and was denied, Plan benefits in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

10.   From October 29, 1984 to January 31, 2000, Plaintiff was employed by Defendant NSP, as a full-time employee. Plaintiff was a participant in NSP's Pension Plan during this time.

11.   As a result of the merger between NMC and NSP/Xcel Energy, Defendants offered Plaintiff three options to address her retirement funds when becoming re-employed with Defendants.

12.   Option one involved taking a "lump sum" or rolling over existing funds to an Independent Referral Account ("IRA") or a 401(k) plan to transfer pension fund benefits earned

2

up to that time, or starting a benefit with NMC, or becoming a participant in the Money Purchase Plan, which was a defined contribution plan provided by NMC, a subsidiary of NSP. Almost all of the then-NMC employees selected the defined contribution plan option, except for Plaintiff.

13. Option two involved payment of an annuity[1] to receive pension fund payments over time, out of the NSP-funded plan. Plaintiff is the only former NSP employee to take this option.

14. Option three involved leaving pension funds in the NSP Pension Plan.

15. From February 1, 2001 to December 31, 2007, Plaintiff was employed by NMC, a subsidiary of NSP, as a full-time employee. Throughout her employment with NMC, Plaintiff was a participant in the Pension Plans provided by NMC, a subsidiary of NSP.

16. As a result of the merger between NMC and NSP/Xcel Energy, Xcel Energy suspended Plaintiff's NSP monthly annuity payments when NMC became a wholly-owned subsidiary of Xcel Energy, effective September 28, 2007.

17. From January 1, 2008 to the present, Plaintiff has been employed as a full-time employee with NSP, doing business as Xcel Energy. During these transitions from NSP to NMC to Xcel, Plaintiff remained a Participant in the Pension Plans offered by each version of NSP.

18. Over the years, Plaintiff sought clarification from Defendants regarding her pension fund benefits. In 2008, Plaintiff requested and received an estimated benefit payment from Defendant as the pension fund administrator. Plaintiff disputed the calculations and assumptions used in calculating her future benefits under the Plan.

19. On or about December 2019, Defendants issued a Notice of Adverse Benefit Determination regarding Plaintiff's pension.

---

[1] Plaintiff was a single person at the time of this election, so it was entered as a single-life annuity. Plaintiff has since become married and changed her benefit elections accordingly, in order to provide notice to her spouse of pension fund elections and/or changes.

3

19. On or about December 2019, Defendants issued a Notice of Adverse Benefit Determination regarding Plaintiff's pension.

20. On or about February 2020, Plaintiff formally appealed Defendant's Adverse Benefit Determination in writing, and requested reconsideration based on several factors.

21. On or about June 2020, Defendant re-affirmed its own adverse determination of Plaintiff's benefits under its Pension Plan and stated that Plaintiff had exhausted all available administrative remedies under the terms of the Plan and its Plan documents.

## FIRST CAUSE OF ACTION

### I. PLAINTIFF'S CLAIM TO RECOVER PENSION PLAN BENEFITS AND TO CLARIFY HER RIGHTS UNDER THE PLAN, PURSUANT TO 29 U.S.C. § 1132(a)(1)(B).

22. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 21 of her Complaint, as if fully set forth herein.

23. Plaintiff fulfilled all conditions for receipt of Pension Fund benefits under the Plans, and presented such evidence to Defendant.

24. Defendant wrongfully made an adverse benefit determination on Plaintiff's claim for benefits under the Plans. Defendant made unsupported factual conclusions and misconstrued and misinterpreted the terms of the Plans to the detriment of Plaintiff and to the benefit of Defendants, in reaching its determination to deny Plaintiff's claim for benefits.

25. Defendant's adverse benefit determination on Plaintiff's claim for benefits is a result, at least in part, of the conflict of interest when determining claims under the Plan, and its interest in maximizing its own profitability. The result of this conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a)     Defendant refused to appropriately consider and calculate the time that Plaintiff worked for NSP and NMC in calculating her current Pension Fund benefits.

(b)     Defendant refused to consider the fact that Plaintiff did not receive a lump sum settlement under the NMC/NSP merger, and refused to give proper weight and consideration to the independent actuarial report obtained by Plaintiff, which was provided to Defendants by Plaintiff when interpreting its Pension Fund plan benefits and eligibility of Plaintiff.

(c)     Defendant gave greater weight to its own paid benefits consultants and gave greater weight to its report, because it was more financially beneficial to Defendant to do so.

26.     Defendant's adverse benefit determination on Plaintiff's Pension Plan benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to Defendant. Defendant's adverse benefit determination on Plaintiff's Pension Plan benefits is wrongful and should be reversed in order to provide the full value and amount of earned, vested benefits to Plaintiff for her 36 years of service to Defendants.

27.     Plaintiff has incurred, and will continue to incur, attorney's fees, costs and expenses in bringing and prosecuting this action. Plaintiff is entitled to an award of such attorney's fees, costs and expenses pursuant to 29 U.S.C. § 1132(g).

**WHEREORE,** Plaintiff prays that the Court enter judgment in her favor, and against Defendant, as follows:

1.     By entering judgment requiring Defendants Northern States Power, d/b/a Xcel Energy, to pay Plaintiff all benefits due to Plaintiff under the Pension Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

2. By entering judgment clarifying that Plaintiff has fulfilled all the terms and conditions of the Pension Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefits as an employee of Defendants; and

3. By awarding Plaintiff with her attorney's fees, costs and expenses as provided under 29 U.S.C. § 1132(g).

Respectfully submitted,

**FRANZ HULTGREN EVENSON, P.A.**

Dated: September 30, 2020

By: _____
Sarah R. Jewell, # 0392268
John A. Abress, #0395129
1011 N. Second Street, P.O. Box 307
St. Cloud, MN 56302-0307
Tel. (320) 253-7130
sjewell@FHElawyers.com
jabress@FHElawyers.com
*Attorneys for Plaintiff*

6